**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUDITH DIANE VALOT,<br><br>    Petitioner,<br><br>    v.<br><br>MARY LATTIMORE, Warden,<br><br>    Respondent. | NO. SA CV 08-1366 SJO (FMO)<br><br>**ORDER ADOPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATIONS**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

**INTRODUCTION**

On November 17, 2008, petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in the Eastern District of California. On November 24, 2008, the case was transferred to the Central District of California, Valot v. Lattimore, No. 08-1757, at 2 (E.D. Cal. Nov. 24, 2008) (order transferring case), and filed in on November 26, 2008. On February 6, 2009, respondent filed a Return to the Petition. On March 18, 2009, petitioner filed a Reply.

On January 11, 2010, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and the action dismissed with prejudice. (R&R at 2 & 54). Thereafter, on January 28, 2010, petitioner filed "Objection to Magistrate's [R]eport and [R]ecommendation" ("Objections").

/ / /

**DISCUSSION**

In her Objections, petitioner asserts that the prosecutor made reference to the fact that she did not testify at her trial. (Objections at 38).[1] Specifically, petitioner contends that during the prosecutor's closing argument, he "[i]mproperly commented on [petitioner's] silence to infer guilt by not testifying." (Id.); (see also id. at 38B-38F)[2] (copies of RT 1189-90 & 1204-06). There is a serious question as to whether petitioner previously presented this argument to the Magistrate Judge. (Compare Objections at 37-40 with Petition at 6 and Reply at 25-27).

However, even assuming, arguendo, that petitioner had properly raised the new argument set forth in her Objections, the Petition must still be denied. The law is clear that a prosecutor may not comment on a defendant's failure to testify at trial. See Griffin v. California, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233 (1965). However, the comments about which petitioner complains do not implicate petitioner's failure to testify at trial. Rather, the record is clear that the prosecutor was referring to petitioner's silence when she was interviewed by the police, not to her failure to testify. (See RT at 1185-206; see also id. at 1185 ("And it is right on page 47, the first interview."), 1189 ("And how does she explain [the human blood in the bed liner]? [¶] You didn't hear an explanation for that. [¶] You heard something about the side of the truck. You heard something about working in the garage, maybe cutting his hand there."), 1204 ("Then [defense counsel] talked about the second interview." "She gets caught in a huge lie right in the middle of that interview.") & 1205 ("It's [police officers] Larry Montgomery, Tracy Jacobson, sitting at [petitioner's] kitchen table.")). Further, as explained by the Magistrate Judge, because petitioner was not in custody at the time of the interviews in question, her due process rights were not implicated. (See R&R at 37-38 & 43-45); see also United States v. Oplinger, 150 F.3d 1061, 1067 (9th Cir. 1998), overruled on other grounds, United States v. Contreras, 2010 WL 348004 (9th Cir. 2010) (per

---

[1] Petitioner also objects to Grounds Two through Seven and Eleven. (See Objections at 32-52). However, petitioner's objections to Grounds Two through Seven and Eleven are similar to the arguments in her Petition and Reply, (compare id. with Petition at 5-6B and Reply at 23-37 & 40), which were thoroughly addressed in the R&R.

[2] The Court designates the unnumbered pages between 38 and 39 in the Objections as 38A through 38F.

curiam) ("[N]either due process, fundamental fairness, nor any more explicit right contained in the Constitution is violated by the admission of the silence of a person, not in custody or under indictment, in the face of accusations of criminal behavior.") (internal quotation marks and citation omitted); United States v. Beckman, 298 F.3d 788, 795 (9th Cir. 2002) ("The use of a defendant's pre-arrest, pre-Miranda silence is permissible as impeachment evidence and as evidence of substantive guilt.").

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: February 25, 2010.

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE